IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02022-MSK-KLM

STUDENT LOAN MARKETING ASSOCIATION,

    Plaintiff,

v.

ARMANDO A. SASTRE,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Compel Answers to Plaintiff's Set of Interrogatories and Requests for Production of Documents** [#3][1] (the "Motion"). Plaintiff filed the Motion on June 4, 2014, and simultaneously served the Motion on Defendant via United States Mail (First Class). *See Motion* [#3] at 5. Defendant failed to respond or make an appearance. On July 22, 2014, Plaintiff filed a Certificate of Service [#8 in Case No. 03-rj-00016-MSK-KLM[2]] indicating that it mailed filings in this matter to a new address of record for Defendant. Defendant still failed to respond or make an appearance in this matter. The Court thereafter provided Defendant with one last chance to participate in this lawsuit. *Minute Order* [#11]. Defendant was warned that if no

---

[1] "[#3]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] This was the original case number for this matter.

-1-

response to the Motion were received by the October 14, 2014 deadline, the Court would deem the Motion to be unopposed and would issue a ruling without the benefit of Defendant's response.

According to Plaintiff, the background of this case is as follows:

> This action began in July 2003 when the U.S. Attorney's Office registered a judgment entered against Armando A. Sastre from Montezuma District Court, Montezuma County, Colorado Case No. 00CV000027 – Order for Default Judgment, Student Loan Marketing Association v. Armando A. Sastre. The United States, as assignee, is charged with collecting on the monetary judgment that Mr. Sastre owes.
>
> Pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), on December 6, 2013, the United States served post-judgment discovery requests on Mr. Sastre to determine his financial condition. 28 U.S.C. § 3015(a) (stating that in an action seeking post-judgment remedies, "the United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt"); *see also* Fed. R. Civ. P. 33, 34 and 69. This package was mailed by certified mail, with return receipt requested. On December 12, 2013, the United States received the return receipt, indicating that Mr. Sastre received the package containing the discovery requests on December 9, 2013.
>
> The United States also engaged in efforts to confer in good faith with Mr. Sastre in order to avoid court action. On March 25, 2014 the undersigned sent a letter to Mr. Sastre, stating that his discovery responses were not complete and requested that he provide answers to the discovery requests on or before seven business days, Ex 2. On April 11, 2014, according to records from the U.S. Postal Service, Mr. Sastre received the letter. The undersigned has not received a response to the March 25 conferral letter.

*Motion* [#3] at 2.

A party served with discovery requests must respond within thirty days of service. Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 34(b)(2) ("The

-2-

party to whom the request is directed must respond in writing within 30 days after being served."). Fed. R. Civ. P. 36(a)(3) further provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Pursuant to Fed. R. Civ. P. 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted . . . ."

The Court has examined Defendant's responses to the United States' Set of Interrogatories and Request for Production of Documents [#3-1] and agrees with Plaintiff that Defendant's responses are woefully inadequate. Plaintiff also went through the effort of pointing out to Defendant in a well-detailed letter [#3-2] specifically where and why Defendant's responses are inadequate, but Defendant failed to respond. Based on its review of these documents and Defendant's failure to file any objections to any of the interrogatories and requests,

IT IS HEREBY **ORDERED** that the Motion [#3] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that Defendant shall provided complete and meaningful responses to Plaintiff's discovery requests **within fifteen (15) days** from the date of this Order. All responses shall comply with the Federal Rules of Civil Procedure. **Failure to**

**comply with this Order will result in the imposition of sanctions against Defendant.**

Dated: October 17, 2014

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge